UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT KURTZ, PAUL PHILLIPS, and DAVID GEILE, in their individual capacities and as Trustees of the Babler Forest Subdivision, | ) ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:10CV1348 JCH ) |
| COUNTY OF FRANKLIN, MISSOURI, FRANKLIN COUNTY BOARD OF ZONING ADJUSTMENT, and ST. CHARLES TOWER, INC., | ) ) ) ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant St. Charles Tower, Inc.'s Motion to Dismiss and to Enjoin Plaintiffs from Seeking Further Administrative Review, filed September 7, 2010.[1] (Doc. No. 22). The motion is fully briefed and ready for disposition.

## BACKGROUND

Defendant St. Charles Tower, Inc. ("SCT") desired to construct a cellular telecommunications facility ("Cell Tower") on property located at Top of the Hill Road, in the middle of the Babler Forest Subdivision in Franklin County, Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶¶ 11, 13). In order to construct the proposed Cell Tower, SCT needed a conditional use permit ("CUP") from Franklin County. (Id., ¶ 14). On or about August 28, 2009, SCT filed an application for a CUP with the Franklin County Planning and Zoning Board ("P&Z"). (Id., ¶ 15). After

---

[1] On September 10, 2010, Defendants County of Franklin, Missouri, and Franklin County Board of Zoning Adjustment adopted St. Charles Tower's Motion to Dismiss as their substantive motion. (Doc. No. 25).

convening four public meetings, conducting an equal number of review committee meetings, hearing sworn testimony from more than ten witnesses, and reviewing affidavits, reports, data, photos, propagation maps, road maps, and other relevant documents, the P&Z unanimously denied SCT's CUP application on February 17, 2009. (Id., ¶ 16). SCT appealed, and on or about April 28, 2009, Defendant Franklin County Board of Zoning Adjustment ("BZA") unanimously affirmed the decision of the P&Z to deny SCT's CUP application. (Id., ¶¶ 17, 18).

On June 25, 2009, SCT filed a Complaint against Franklin County and the BZA in the United States District Court for the Eastern District of Missouri, Cause No. 4:09CV987 DJS (the "CUP Lawsuit"). (Compl., ¶ 19). In the CUP Lawsuit, SCT sought a declaration from the Court that Franklin County's denial of its application for a CUP violated the Federal Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 332 et seq., and/or SCT's constitutional due process rights. (Cause No. 4:09CV987 DJS, Doc. No. 1). SCT further sought an expedited mandatory injunction or writ in the nature of mandamus compelling the County to issue the CUP and any other permits necessary for SCT to begin construction of its proposed facility. (Id.). On September 1, 2009, Franklin County made effective an amendment to Appendix F of its Unified Land Use Regulations ("Land Regs"), that added and/or changed restrictions on telecommunication towers such as the one SCT sought to construct. (Compl., ¶¶ 1, 20).

On November 12, 2009, Plaintiffs Robert Kurtz, Paul Phillips, and David Geile, as Trustees of the Babler Forest Subdivision ("Plaintiffs"), sought leave to intervene permissively in the CUP Lawsuit. (Cause No. 4:09CV987 DJS, Doc. No. 16). As grounds for their motion, Plaintiffs asserted construction of the proposed Cell Tower would require SCT to obtain permission to operate oversized vehicles over roads maintained by the Babler Forest Trustees pursuant to a "Road Maintenance Agreement." (Id.). Plaintiffs further maintained the Babler Forest Trustees and lot

owners would be irreparably injured by the construction, as it would decrease property values, become a neighborhood nuisance, and violate the existing subdivision indentures. (Id.).

On November 13, 2009, SCT, Franklin County and the BZA filed a joint motion for a consent judgment in the CUP Lawsuit. (Cause No. 4:09CV987 DJS, Doc. No. 17). Plaintiffs opposed the motion. (Id., Doc. No. 19). In an Order entered November 17, 2009, Judge Stohr denied Plaintiffs' request for permissive intervention, and granted the joint motion for consent judgment. (Id., Doc. No. 20). As stipulated by the parties and entered by Judge Stohr, the consent judgment stated in relevant part as follows:

> 7. In order to resolve the legal matters detailed in the Complaint, the parties agree and stipulate to the entry of Judgment in favor of SCT on Counts I, II, and IV, including subparts a, b, c, d, and g of the prayer in Count IV.[2]
>
> 8. Franklin County shall issue the Conditional Use Permit to SCT. In exchange, SCT agrees to waive any claim for damages against Defendants and Count III and subparts e and f of the prayer in Count IV shall be dismissed with prejudice.
>
> 9. Competent and substantial evidence exists on the record supporting SCT's Application for the Conditional Use Permit.

(Id., Doc. No. 21).

On November 19, 2009, Plaintiffs filed a Motion for Intervention as of Right, or Alternatively, Motion to Reconsider Permissive Intervention, and Motion for Relief from the Order Granting the Joint Motion for Consent Judgment in the CUP Lawsuit. (Cause No. 4:09CV987 DJS, Doc. No. 22). Plaintiffs attached to their motion a proposed Complaint in which Plaintiffs, as Intervening Plaintiffs,

---

[2] Subpart c of the prayer in Count IV requested as follows: "An expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County to issue a Conditional Use Permit, and any other permits necessary for SCT to begin construction of its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT." Subpart d requested as follows: "An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application." (Cause No. 4:09CV987 DJS, Doc. No. 1).

asserted Franklin County and the BZA's reversal of the previous decision to deny the CUP violated the TCA. (Id., Doc. No. 22-2). As relief, Plaintiffs sought the following: a declaration that Franklin County's original denial of SCT's Application was supported by substantial evidence, and thus must be affirmed; in the alternative, a remand of SCT's Application to the BZA for an appropriate hearing and decision in accordance with the Land Regs; a declaration that Franklin County's reversal of its decision regarding SCT's Application violated the TCA; an expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County to revoke the conditional use permit[3], and any other permits necessary for SCT to begin construction of its proposed facility; and an expedited injunction or writ in the nature of prohibition preventing Franklin County from issuing the conditional use permit, or any other permits necessary for SCT to begin construction of its proposed facility in accordance with the application, plans, and specifications submitted by SCT. (Id.). On February 25, 2010, Judge Stohr granted Plaintiffs' motion to intervene as of right, and ordered further briefing on the motion for relief from judgment. (Id., Doc. No. 31). As part of the requested briefing, Plaintiffs argued that because the Franklin County Land Regs were amended prior to the issuance of the CUP, and SCT's application failed to comply with the amended regulations, the issuance of the CUP was in violation of the Land Regs unless and until an appropriate variance was issued. (Id., Doc. No. 32; Compl., ¶ 30).

In an opinion issued May 21, 2010, Judge Stohr declined to vacate the consent judgment, holding that Defendants had abided by state law in entering into the settlement and issuing the permit. (Cause No. 4:09CV987 DJS, Doc. No. 44). Judge Stohr further held that even if Defendants' decision did not comply with state law, the granting of the permit was necessary to remedy the

---

[3] Pursuant to the consent judgment, the BZA issued the CUP to SCT on November 20, 2009. (Compl., ¶ 25).

violation of federal law, i.e., the TCA, occasioned by the original denial. (Id.). With respect to the implications of the amended land use regulations, Judge Stohr held as follows:

> [T]his case was concerned solely with whether defendants violated the TCA in denying the permit at the time it was denied, not with the ever-evolving land use regulations of the County. If indeed the tower would not comply with current zoning requirements, that is an issue for a different forum, not for a federal court reviewing a specific denial of a specific permit under the TCA. As such, the Court finds amended land use regulations do not present a basis upon which to vacate the judgment.

(Id.). Plaintiffs currently are appealing Judge Stohr's Order, asserting, among other claims, as follows: (1) that because the remedy in the consent judgment was not mandated by the TCA, Defendants Franklin County and the BZA were precluded from violating state law to settle the action; (2) that the granting of the motion to intervene as of right required the Court to vacate the consent judgment, and permit the intervenors to participate fully in the litigation, including the formation of any eventual settlement agreement; and (3) that the consent judgment was clearly erroneous and would work a manifest injustice upon the intervenors, because SCT's application fails to comply with Franklin County's amended Land Regs, which by their very terms apply to all commercial towers installed, built, or modified after the effective date of the amendment.

On or about June 25, 2010, Franklin County issued and/or delivered a building permit for the Cell Tower to SCT. (Compl., ¶ 36). On June 28, 2010, Plaintiffs attempted to appeal the decision to issue the building permit without requiring a variance to the BZA. (Id., ¶ 39). On July 9, 2010, Plaintiffs received notice from Nichole Zielke at the BZA and P&Z, that her office had been advised by their counsel that Plaintiffs could not appeal the issuance of the building permit with the BZA, because the permit was issued in accordance with an order from the CUP Lawsuit. (Id., ¶ 41).

On July 12, 2010, Plaintiffs, in their individual capacities and as Trustees of the Babler Forest Subdivision, filed the instant suit against Defendants County of Franklin, Missouri, Franklin County

BZA, St. Charles Tower, Inc., and Mike and Becky Conrath, in the Circuit Court of Franklin County, Missouri. (Compl., ¶ 43). Defendants removed the action to this Court on July 26, 2010. (Doc. No. 1). In Counts I, III, IV and IV[4] of their First Amended Complaint[5], filed August 23, 2010, Plaintiffs seek, among other things, a preliminary injunction enjoining SCT from commencing construction of the Cell Tower; a permanent injunction enjoining SCT from commencing construction on the Cell Tower until the BZA hears Plaintiffs' appeal; an expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County and the BZA to hear Plaintiffs' appeal with respect to the building permit; and an expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County and the BZA to revoke the building permit issued to SCT in violation of the Land Regs, the Building Code, and Missouri law. (Id.). In Counts II and V Plaintiffs seek, among other things, preliminary and permanent injunctions enjoining SCT from causing any vehicles restricted by the Subdivision Road Maintenance Agreement from entering any roads subject to the Agreement. (Id.).

As stated above, Defendants filed the instant Motion to Dismiss on September 7, 2010, asserting Plaintiffs' claims are barred by the doctrine of res judicata and/or the "first to file" rule, and Plaintiffs' claims challenging zoning issues are untimely under Mo. Rev. Stat. § 64.870. (Doc. No. 22).

## DISCUSSION

**I.      Building Permit**

---

[4] Plaintiffs mistakenly included two Count IVs in their First Amended Complaint.

[5] Plaintiffs do not name Mike and Becky Conrath as Defendants in their First Amended Complaint.

As stated above, in Counts I, III, IV and IV Plaintiffs request, among other things, expedited mandatory injunctions or writs in the nature of mandamus compelling Franklin County and the BZA to hear Plaintiffs' appeal with respect to the building permit, compelling Franklin County and the BZA to revoke the building permit issued to SCT in violation of the Land Regs, the Building Code, and Missouri law, and preventing Franklin County and the BZA from issuing the building permit without SCT first obtaining a variance in accordance with the Land Regs, the Building Code, and Missouri law. Upon consideration, the Court holds it lacks authority to grant the requested relief. Specifically, as noted above the consent judgment entered by Judge Stohr and remaining in effect granted SCT relief in the form of, "[a]n expedited mandatory injunction or writ in the nature of mandamus compelling Franklin County to issue a Conditional Use Permit, *and any other permits necessary for SCT to begin construction of its proposed facility*, in accordance with SCT's Application, plans, and specifications submitted by SCT." (Cause No. 4:09CV987 DJS, Doc. No. 1, P. 10 (emphasis added); Doc. No. 21). The judgment further reserved to Judge Stohr jurisdiction, "*to resolve any issues between the parties as to further site plan and building permit issues*, to ensure the integrity of dealings between the parties as to SCT's Application." (Id. (emphasis added)). Under these circumstances, this Court finds the issues raised and relief sought in Counts I, III, IV and IV are encompassed by the consent judgment, and thus jurisdiction remains with Judge Stohr to consider and resolve any further complications arising in connection with the issuance of the building permit. This Court may not overturn or vacate a judgment entered by another Judge in this District, and so Counts I, III, IV and IV of Plaintiffs' First Amended Complaint must be dismissed with prejudice.[6]

---

[6] The Court recognizes that Judge Stohr refused to consider issues relating to the amended Land Regs, holding instead that if the tower did not comply with the current zoning requirements, that was an issue for a different forum. (See Cause No. 4:09CV987 DJS, Doc. No. 44, P. 11). This ruling does not negate the fact that the judgment entered by Judge Stohr mandated that the building permit be issued, and retained any further issues in that regard for his jurisdiction. (Id., Doc. Nos.

## II. Road Maintenance Agreement

As stated above, in Counts II and V of their Complaint Plaintiffs seek preliminary and permanent injunctions enjoining SCT from causing any vehicles restricted by the Road Maintenance Agreement from entering any roads subject to the Agreement. (Compl., P. 12). In their Motion to Dismiss, Defendants assert Counts II and V are barred by the doctrine of res judicata and must be dismissed.

Under Eighth Circuit law, in order for a claim to be precluded under the doctrine of res judicata due to a determination reached in a prior lawsuit, the following five elements must be satisfied: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [(5)] have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir. 2009) (citations omitted). Upon consideration, the Court finds the fifth element of res judicata has not been established here. In other words, although Plaintiffs sought to advance their claims with respect to the Road Maintenance Agreement through their motion to intervene permissively, Judge Stohr denied the motion and refused to consider the merits of their position. This Court therefore will not preclude Plaintiffs from pursuing their assertions on the basis of res judicata.

---

1, 21). As a result, this Court finds that to the extent Plaintiffs wish to challenge any perceived inconsistency and/or lack of due process inherent in Judge Stohr's rulings, the proper mechanism through which to do so is within the context of their appeal in the CUP Lawsuit, currently pending before the Eighth Circuit Court of Appeals.

This decision does not end the Court's analysis, however, as Counts II and V of Plaintiffs' Complaint raise solely issues of state law.[7] 28 U.S.C. § 1367 provides in relevant part as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(3) the district court has dismissed all claims over which it has original jurisdiction;....

28 U.S.C. § 1367(a) & (c).

The Eighth Circuit has held that district courts have "broad discretion" in deciding whether to exercise supplemental jurisdiction over state law claims. Willman v. Heartland Hosp. East, 34 F.3d 605, 613 (8th Cir. 1994), cert. denied, 514 U.S. 1018 (1995); see also Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1287-88 (8th Cir. 1998). Upon consideration, this Court will now exercise its discretion under 28 U.S.C. § 1367(c) to decline jurisdiction, and remand Counts II and V of Plaintiff's First Amended Complaint to the Court from which this matter was removed. See TMTB I, LLC v. City of Manchester, Mo., 2007 WL 3146562 at *2 (E.D. Mo. Oct. 25, 2007) ("Section 1367 does not by its terms specify a proper course of action when a district court declines to assert supplemental jurisdiction. However, the 'animating principle' behind supplemental jurisdiction supports giving a district court discretion to remand a removed case

---

[7] The basis for Defendants' removal was Plaintiffs' federal law-based allegations, specifically their claim that, "the issuance of the building permit and refusal to hear Plaintiffs' appeal violated Plaintiffs' procedural and substantive due process rights provided by the Fourteenth Amendment of the United States Constitution and Missouri State law." (Defendants' Notice of Removal, Doc. No. 1, ¶¶ 16, 17).

when the exercise of supplemental jurisdiction is inappropriate."); Lindsey v. Dillard's, Inc., 306 F.3d 596, 600 (8th Cir. 2002) (same); American Eagle Waste Industries, LLC v. Saint Louis County, Mo., 2010 WL 1049796 at *6 (E.D. Mo. Mar. 18, 2010) (same).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Charles Tower, Inc.'s Motion to Dismiss and to Enjoin Plaintiffs from Seeking Further Administrative Review (Doc. No. 22) is **GRANTED** in part, and Counts I, III, IV and IV of Plaintiffs' First Amended Complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Counts II and V of Plaintiffs' First Amended Complaint are **REMANDED** to the Circuit Court of Franklin County, Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 13th day of October, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE